Case 2:16-cv-00308   Document 11   Filed on 12/29/16 in TXSD   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
December 30, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MICHAEL GARRETT, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:16-CV-308 |
| | § | |
| LORIE DAVIS, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

Plaintiff Michael Garrett is an inmate in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID), and currently is confined at the McConnell Unit in Beeville, Texas. Proceeding *pro se* and *in forma pauperis*, Plaintiff filed this cause of action on July 21, 2016, seeking injunctive and declaratory relief. On October 17, 2016 Defendants filed a motion to dismiss to which Plaintiff responded on October 31, 2016 (D.E. 8, 9, 10). For the reasons explained more fully below, it is recommended that Defendants' motion to dismiss be granted.

## JURISDICTION

Jurisdiction and venue are proper in this court because the actions about which Petitioner complains occurred in Beeville, Bee County, Texas, which is located in the Corpus Christi Division of the Southern District of Texas. 28 U.S.C. 2241(d); *Wadsworth v. Johnson*, 235 F.3d 959 (5th Cir. 2000).

## BACKGROUND

Plaintiff asserts that when he woke up in his cell on May 31, 2016 he slipped and fell in rainwater that had leaked into and accumulated in his cell. Plaintiff lost consciousness and was transported to the hospital where he was treated for pain. He did not suffer any long term injury from the fall. Plaintiff has complained to prison authorities that the cells are flooded with water when it rains, but no action has been taken. He claims that the flooding poses an imminent risk of danger and creates inhumane living conditions. Plaintiff seeks a declaratory judgment that the conditions of confinement violate the Eighth Amendment prohibition against cruel and unusual punishment and also asks that his living quarters be condemned until conditions have improved.[1]

On August 31, 2016 a finding was made that Plaintiff is a three-strikes litigant and barred from proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915(g). Nevertheless, because Plaintiff was alleging that he was in imminent danger and was seeking injunctive relief, he was allowed to proceed without prepaying the filing fee, but also without prejudice to Defendants' right to argue that Plaintiff was not in imminent danger (D.E. 6).

In their motion to dismiss, Defendants assert that Plaintiff cannot proceed *in forma pauperis* because he is not in imminent danger. They claim that TDCJ-CID is making an effort to stop the leaking and flooding and also that Plaintiff has been moved to a cell which is not prone to flooding. Plaintiff counters that although he has been moved, he still is in danger of living in a flooded cell and the risk of danger excepts him from the three-strikes

---

[1] Plaintiff claims that he is seeking relief on behalf of himself and similarly situated prisoners but he cannot represent other inmates because he is not an attorney.

bar. Plaintiff also asserts that his three previous civil rights law suits were filed prior to enactment of the Prison Litigation Reform Act (PLRA), which established the three-strikes rule. He argues that because he was without notice that the lawsuits would bar him from filing an *in forma pauperis* suit later, that he should not be barred from filing the current lawsuit.

## APPLICABLE LAW

### A.  Three Strikes Rule

Prisoner civil rights actions are subject to the provisions of the PLRA, including the three strikes rule, 28 U.S.C. § 1915(g). The three strikes rule provides that a prisoner who has had, while incarcerated, three or more actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted, is prohibited from bringing any more actions or appeals *in forma pauperis*. 28 U.S.C. § 1915(g); *Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998); *Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996). The purpose of the three-strikes rule is to discourage inmates from filing frivolous lawsuits. *Banos*, 144 F.3d at 884. Prisoners may continue to file lawsuits, but they must prepay the failing fee. The three strikes rule provides an exception permitting prisoners who are under imminent danger of physical harm to proceed without prepayment of the filing fee. *Id*.

### B.  Plaintiff's Litigation History

Plaintiff has filed at least three civil actions which have been dismissed as frivolous or malicious, or for failure to state a claim upon which relief can be granted. *See Garrett v. Williams, et al.*, Case No. 4:95-cv-295 (E.D. Tex. January 4, 1996) (dismissed as frivolous);

*Garrett v. Vance, et al.*, Case No. 3:96-cv-1196 (N.D. Tex. July 12, 1996) (dismissed as frivolous); *Garret v. Denton County Sheriff's Department*, Case No. 4:96-cv-278 (E.D. Tex. Oct. 15, 1996) (dismissed as frivolous).  Plaintiff argues that because he filed his three lawsuits prior to the effective date of the PLRA the lawsuits do not count toward the three-strikes bar.  However, the Fifth Circuit noted in *Patton v. Jefferson Correctional Center*, 136 F.3d 458, 462 (5th Cir. 1998), that the three-strikes provision applies to cases filed prior to enactment of the PLRA.  Thus, Plaintiff is a three-strikes litigant and can only proceed *in forma pauperis* if he shows that he is under imminent danger of physical harm.

**C.  Imminent Danger**

In order to show that he is subject to imminent danger, a prisoner must allege facts showing that "'the threat or prison condition is real and proximate and the danger of serious injury exists at the time the complaint is filed.'"  *Vandiver v. Prison Health Services*, 727 F.3d 580, 585 (6th Cir. 2013) (quoting *Rittner v. Kinder*, 290 Fed. Appx. 796, 797 (6th Cir. 2008)).  Allegations of past dangers are insufficient to invoke the exception to the filing bar.  *Id.* (internal citations omitted).  "The harm must be imminent or occurring at the time that the complaint or notice of appeal is filed, and the exception refers to 'a genuine emergency' where 'time is pressing.'"  *Althouse v. Roe*, 542 F.Supp.2d 543, 574 (E.D. Tex. 2008) (quoting *Heimermann v. Litscher*, 337 F.3d 781, 782 (5th Cir. 2008).  Congress intended the statute to be a safety valve to prevent impending harms.  *Id.* (citing *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3rd Cir. 2001)).

Defendants attached evidence to their motion to dismiss showing that TDCJ acknowledges that water sometimes leaks into the cells, but that the roof on 8 Building has

been replaced and work orders have been generated to address other leak issues. In addition, Plaintiff has been moved to other housing and there have been no reports of leaks at his new cell.

Plaintiff contends that although he was informed in July 2015 that TDJC was seeking bids from contractors to repair expansion joints, no work had been done as of October 25, 2016. He also notes that although he was moved to another cell, he still is housed on the ground floor and that he expects his cell to flood the next time it rains. He claims that the "2250 model facility" has had problems with leaking on the ground floor for the last five years and moving him will not alleviate the problem.

Plaintiff has not shown that he is in imminent danger. The fact that he slipped and fell in May 2016 does not mean he currently is in danger because past harm is insufficient to show imminent danger. Also, Plaintiff does not assert that his cell has been flooded with rain water since he was moved. It is recognized that the leaking and flooding is a problem with the potential to make prison living quarters uninhabitable, but the "imminent danger" exception to 28 U.S.C. § 1915 requires a showing that the danger is real and proximate. The fact that Plaintiff's new living quarters might flood the next time it rains does not rise to the level of real and proximate danger. *See Medberry v. Butler*, 185 F.3d 1189 (11th Cir. 1999) (Plaintiff who was physically assaulted by other inmates was not in imminent danger of serious physical injury because he was immediately moved to administrative segregation) and *Polanco v. Hopkins*, 510 F.3d 152 (2nd Cir. 2007) (exposure to mold did not state claim for immediate danger). *Also compare Andrews v. Cervantes*, 493 F.3d 1047 (9th Cir. 2007) (Plaintiff alleged imminent danger of physical injury when he claimed that prison did not

screen incoming prisoners for infectious diseases such as HIV and Hepatitis C, which exposed him to contagion) and *McAlphin v. Toney*, 281 F.3d 709 (8th Cir. 2002) (Plaintiff alleged imminent danger of physical harm when he claimed that gum disease was causing infection to spread in his mouth).

Because Plaintiff has not shown that he is in imminent danger of physical injury, he cannot overcome the three-strikes bar to proceeding *in forma pauperis*. Accordingly, it is recommended that his lawsuit be dismissed without prejudice.

## RECOMMENDATION

Based on the foregoing, it is respectfully recommended that Defendants' Motion to Dismiss (D.E. 8) be GRANTED. Plaintiff's lawsuit should be dismissed without prejudice and subject to reinstatement if Plaintiff pays the full filing fee within 30 days of dismissal.

Respectfully submitted this 29th day of December, 2016.

                                                 B. JANICE ELLINGTON
                                                 UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).