Case 2:16-cv-00308 Document 20 Filed on 07/24/17 in TXSD Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
July 24, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| MICHAEL GARRETT, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL NO. 2:16-CV-308 |
| § | |
| LORIE DAVIS, *et al*, § | |
| § | |
| Defendants. § | |

## ORDER

Petitioner Michael Garrett ("Garrett") is in the custody of the Texas Department of Criminal Justice (TDCJ) and is currently incarcerated at the McConnell Unit in Beeville, Texas. He filed a civil rights action under 42 U.S.C. § 1983 and an application to proceed *in forma pauperis* on July 21, 2016, Dkt. Nos. 1, 2, and 3. He alleges that he is in imminent danger and living in inhumane conditions as a result of flooding in his cell, in violation of the Eighth Amendment's prohibition on cruel and unusual punishment. *See* Dkt. Nos. 1, 2. He seeks declaratory judgment and an injunction condemning his living quarters until conditions have improved. *Id.* Garrett also seeks a motion for entry of default against TDCJ Defendants Lorie Davis, Oscar Mendoza, and Crystal Rodriguez (collectively, "Defendants"). *See* Dkt. Nos. 12, 19.

The Court now has before it Garrett's complaint, Dkt. Nos. 1, 2; his motion to proceed *in forma pauperis*, Dkt. No. 3; Defendants' motion to dismiss pursuant to 28 U.S.C. § 1915(g), Dkt. No. 8; Garrett's response to this motion, Dkt. Nos. 8, 9; the Memorandum and Recommendations ("M&Rs") of the Magistrate Judge to whom this case was referred pursuant to 28 U.S.C. § 636(b), addressing Defendants' motion to dismiss and Garrett's motion for entry of default, respectively, Dkt. Nos. 11, 19; and Garrett's objections to the M&R addressing Defendants' motion to dismiss, Dkt. No. 16. The Court reviews objected-to portions of a Magistrate Judge's proposed findings and recommendations de novo. 28 U.S.C. § 636(b)(1) ("A judge of

the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made.")

## I.     Defendants' Motion to Dismiss

The Magistrate Judge found on August 31, 2016 that Garrett is a three strikes litigant barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g), a provision of the Prison Litigation Reform Act (PLRA). Dkt. No. 11 at 2. All prisoner civil rights actions are subject to the PLRA and its three strikes rule, which "provides that a prisoner who has had, while incarcerated, three or more actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted, is prohibited from bringing any more actions or appeals *in forma pauperis*." Dkt. No. 11 at 3; 28 U.S.C. § 1915(g). This rule contains an exception, however, allowing prisoners under "imminent danger of physical harm to proceed without prepayment of the filing fee." Dkt. No. 6. As Garrett's complaint pleads this exception, the Magistrate Judge allowed this case to proceed without the filing of this fee, despite Garrett's status as a three strikes litigant.[1] *Id.*

The Magistrate Judge recommends that the Court grant Defendants' motion to dismiss Garrett's claims pursuant to § 1915(g), on the basis that Garrett is not in imminent danger of physical harm. Dkt. No. 11. The substance of Garrett's Eighth Amendment claim alleges that he slipped and fell on accumulated rainwater in his cell on May 31, 2016, and that continued leaks and flooding at the McConnell Unit create an ongoing risk of physical harm to Garrett. *See* Dkt. Nos. 1, 2, 9, 10, and 16. In their motion to dismiss, Defendants respond that "TDCJ makes every effort to address and fix repair issues, such as water leaks into cells"; that the specific repair issues Garrett complains of have been addressed pursuant to the grievance investigation he initiated at the McConnell Unit; and that in any case, Garrett has been moved to a new building and cell at the McConnell Unit, which no evidence or

---

[1] Garrett also argues he should not be considered a three strikes litigant, on the basis that his three previous civil rights law suits were filed before the PLRA was enacted. *See* Dkt. No. 9. The Court will not disturb the Magistrate Judge's finding on this issue, however, as the Fifth Circuit established almost a decade ago that § 1915(g) applies to cases filed prior to the enactment of the PLRA. *See* Dkt. No. 11 at 4 (citing *Patton v. Jefferson Correctional Center*, 136 F.3d 458, 462 (5th Cir. 1998)).

grievance suggests has a flooding issue. *See* Dkt. No. 8. Garrett replies that his new housing assignment has not eliminated the risk his cell will flood, on the basis that all buildings at the McConnell Unit create the risk of "leaking water throughout the living quarters or cells." Dkt. No. 9 at 2. On consideration of these pleadings, the Magistrate Judge notes that Garrett "does not assert that his cell has been flooded with rainwater since he moved," and recommends that "[t]he fact that [Garrett's] new living quarters might flood the next time it rains does not rise to the level of real and proximate danger" required for his complaint to satisfy the "imminent danger" exception to § 1915(g). Dkt. No. 11 at 5.

The Court agrees. Garrett's objections to the M&R addressing Defendants' motion to dismiss claim that the Magistrate Judge has erred for two reasons. First, Garrett alleges that the Magistrate Judge failed to assess his claims under the correct legal standard, an allegation this Court dismisses out of hand on review of Garrett's objections and the relevant law. Second, Garrett alleges that "he is still under imminent danger of serious physical injury" as a result of rainwater leaks, and attaches the affidavits of two other individuals incarcerated at the McConnell Unit, Mark Kearney and Kenneth Scott, to substantiate his claim. Dkt. No. 16 at 1. Only Scott, however, lives in the same building that Garrett now resides in. *See* Dkt. No. 16-2, Aff. of Scott. While Scott does allege that rainwater leaks into *his* living quarters, he does not suggest that he has personal knowledge of any leaks into Garrett's cell, nor that he has filed a grievance with the TDCJ regarding his allegation. *Id.* Accordingly, the Court finds that Scott's affidavit does not corroborate Garrett's claim that he remains in imminent danger of serious physical injury.[2]

For the foregoing reasons, Garrett's objections to the M&R addressing Defendants' motion to dismiss pursuant to § 1915(g) are **OVERRULED**.

---

[2] Defendants have demonstrated that Garrett's grievance regarding leaks in his former cell resulted in related repairs, and ultimately, Garrett's relocation to a new cell. Dkt. No. 8 at 2. Absent evidence suggesting that the conditions in Garrett's new cell, in particular, pose an imminent risk that the TDCJ has failed to redress, the Court finds that Garrett has not met his burden to show he is at risk of "real and proximate" danger. *See* Dkt. No. 11 at 5; *see also, e.g., Clay v. Ambriz*, 2012 WL 1309137 at *2 (S.D. Tex. Feb. 27, 2012) ("Courts have determined that in order to meet the imminent danger requirement of § 1915(g), the threat must be 'real and proximate.'") (citation omitted).

## II.   Garrett's Motion for Entry of Default

The Magistrate Judge construes Garrett's "Motion for Judgment," filed on January 5, 2017, Dkt. No. 12, as a motion requesting entry of default against Defendants. *See* Dkt. No. 19. The M&R addressing this motion recommends that the Court deny Garrett's motion, as Defendants are not in default. The deadline to file objections to this M&R has passed, and the docket sheet shows that no objections have been filed. *See* 28 U.S.C. § 636(b)(1) (setting 14-day deadline to file objections); Fed. R. Civ. P. 72(b)(2) (same); *see also* M&R at 2 (advising parties of 14-day deadline).

## III.   Conclusion

Having independently reviewed the record and considered the applicable law, having reviewed the findings of fact, conclusions of law, and recommendations proposed by the Magistrate Judge's M&Rs as well as Garrett's objections, and having made a de novo disposition of the portions of the M&R addressing Defendants' motion to dismiss to which Garrett specifically directed objections, the Court hereby:

- **ADOPTS** the M&R addressing Defendants' motion to dismiss, Dkt. No. 11, and **GRANTS** Defendants' Motion to Dismiss, Dkt. No. 8; and

- **ADOPTS** the M&R addressing Garrett's motion for judgment, Dkt. No. 19, and **DENIES** Garrett's Motion for Judgment, Dkt. No. 12.

The Clerk shall close this case following entry of the accompanying judgment.

SIGNED this 24th day of July, 2017.

_____
Hilda Tagle
Senior United States District Judge